954 F.2d 733
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sheila BURNETT, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3314.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1992.
 
 Before RICH, ARCHER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Sheila Burnett (Burnett) appeals from the April 15, 1991 final decision of the Merit Systems Protection Board (Board), Docket No. DE122191W0015, dismissing her appeal of a removal action for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 Burnett was removed from her position as a GS-5 Equal Opportunity Specialist in the Department of Labor's Office of Federal Contract Compliance Programs (OFCCP) in Denver, Colorado based on charges of performance and conduct deficiencies. At the time of her discharge from employment she was a probationary employee in the excepted service who had less than one year of employment with OFCCP.
 
 
 3
 Burnett claims that she was discharged from her position of employment because she was a "whistleblower" and had contacted the Federal Protective Service (FPS) to report the "disruption of her desk and work area." She also alleged that someone, probably her supervisors, had been looking in her desk and work area and removing various items such as case files. Based on her alleged whistleblowing activities, Burnett asserts that the Board had jurisdiction to hear her appeal under 5 U.S.C.A. § 1221(a) (West Supp.1991).
 
 
 4
 For the Board to assert jurisdiction under section 1221, Burnett must establish she occupied a "covered position," was the subject of a "personnel action" and made a protected disclosure which she reasonably believed evidenced, among other things, a violation of any law, rule or regulation pursuant to 5 U.S.C.A. § 2302(b)(8).
 
 
 5
 Although Burnett established that she occupied a "covered position" and was the subject of a "personnel action," the Board found that she failed to establish she made disclosures protected by section 2302(b)(8). Specifically, she had failed to present any evidence to establish a reasonable belief that her disclosure (i.e., that her supervisor was looking through her desk and work area and removing case files) evidenced a violation of any law, rule, or regulation because, as noted by the Board, a supervisor's search of an employee's work area is justified under certain circumstances such as to retrieve a needed file. Therefore, the Board dismissed Burnett's appeal for lack of jurisdiction.
 
 
 6
 The Board's decision must be affirmed unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We find no such error here and, accordingly, affirm.